IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **NICHOLAS WADE ABEL,** | |
| Plaintiff, | Case No. 1:13CV00085 |
| v. | **OPINION AND ORDER** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,** | By: James P. Jones<br>United States District Judge |
| Defendant. | |

*Ginger J. Largen, Morefield & Largen, P.L.C., Abingdon, Virginia, for Plaintiff; Nora Koch, Acting Regional Chief Counsel, Region III, Jillian Quick, Assistant Regional Counsel, and Andrea Robertson, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I

Plaintiff, Nicholas Wade Abel, filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-434, 1381-1383f (West 2011, 2012 & Supp. 2013). Jurisdiction of this court exists under 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Abel filed an application for DIB and SSI on December 14, 2010. After preliminary denials of his claims, Abel obtained a hearing before an administrative law judge ("ALJ") on September 24, 2012, at which he was represented by counsel and during which he testified along with a vocational expert, Donald Anderson. On October 2, 2012, the ALJ issued a written decision finding that Abel was not disabled within the meaning of the Act. Abel requested review by the Social Security Administration's Appeals Council. The Appeals Council denied his request for review on October 15, 2013, thereby making the ALJ's decision the final decision of the Commissioner. Abel then filed this action seeking judicial review of the Commissioner's decision.

The parties have filed cross motions for summary judgment, which have been briefed. The case was orally argued on May 27, 2014, and is ripe for decision.

II

The plaintiff was 27 years old at the claimed onset date of disability of January 15, 2009. He has a high school education and an irregular work history with many different employers as a dishwasher and cook. He lives with his father

and has a criminal history of drug distribution and DUIs.¹  He claimed disability based upon ankle and foot problems, depression, and obesity.²  The ALJ reviewed Abel's medical history and the evidence presented at the hearing and set forth the reasons for his factual findings.  He found that Abel did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and found, based upon the testimony of the vocational expert, that Abel was capable of performing jobs existing in significant numbers in the national economy.  It is contended by the plaintiff in this action that the ALJ erred in rejecting certain opinions of Ralph Ramsden, Ph.D, a clinical psychologist who evaluated Abel at the request of his attorney, and Patrick Farley, Ed.D., a licensed professional counselor, who counseled Abel for about six months.

III

The plaintiff bears the burden of proving that he is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  The standard for disability is strict.  The plaintiff must show that his "physical or mental impairment

---

¹ Abel applied for disability shortly after he was released from jail following his latest conviction.  He told Dr. Ramsden, an examining psychologist, that he was fired from two of his jobs and quit all of his other jobs.  He told the psychologist, "'I was selling drugs.  It was my work.'"  (R. at 399.)  He also told Dr. Ramsden that while he did not believe he had a drug problem at that time, "he uses 'when I get can get away with it.'"  (R. at 400.)

² He is six feet tall and at the time of the hearing before the ALJ, weighted "about 320" pounds.  (R. at 33.)

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2013). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through the application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

I have carefully reviewed the record evidence and conclude that the ALJ's decision in this case is supported by substantial evidence and was reached through application of the correct legal standards.

IV

In connection with his present claims, Abel was examined and evaluated by Drs. Ramsden and Farley, who both indicated that Abel had disabling mental conditions. He was also examined and evaluated by Wade Smith, a licensed senior psychological examiner. Mr. Smith found that Abel was not significantly limited. The ALJ credited Smith's opinion because it "is consistent more with his observations and the overall medical evidence of record." (R. at 23.)[3] However,

---

[3] Abel told psychologist Smith that his daily activities were as follows:

> He generally wakes at 10 a.m. He gets dressed, smokes a cigarette on the porch, and watches whatever is on television. He uses a computer to check his Facebook account and to play games, and he listens to music. He

he did give Abel "the benefit of the doubt" and found that because of his difficulty with concentration, as highlighted by Drs. Ramsden and Farley, Abel was limited to "simple, routine, repetitive unskilled tasks in a low-stress job." (R. at 23.)

It is argued on Abel's behalf that the ALJ should not have accepted Smith's evaluation because he was the evaluator "with the least academic credentials." (Pl.'s Br. 7.) Ramsden and Fraley have doctorates, while Smith has a master's degree. However, I agree with the Commissioner that each of the evaluators here was an "acceptable medical source[]," *see* 20 C.F.R. §§ 404.1513(a), 416.913(a) (2013), and that the ALJ was within his authority to credit the opinion of any of them based upon the evidence.

---

might ride around town with a friend. He does not eat breakfast, but he gets fast food for his lunch. He plays video games in the afternoon, and he eats a supper prepared by his father. He watches television and uses the computer until going to bed by midnight or 1 a.m. He bathes every day.

He said that he rarely goes shopping for groceries, and has only traveled to the store twice in the last year. He appeared to have the financial acumen necessary to make his own purchases, as evidenced by his ability to accurately estimate the price of several staple items. He reported visiting friends every day, and attending church services twice a year. Regarding finances, he said that he manages his own back account, and that he pays his only monthly bill with an automatic deduction.

Regarding housecleaning chores, he reported that he sweeps, washes dishes, does laundry, and takes out the trash. He said that he performs a full range of cooking tasks, such as making chicken carbonara, and that he can follow a recipe. He denied doing any yardwork.

(R. at 412.)

## V

For the foregoing reasons, the plaintiff's Motion for Summary Judgment is denied, and the defendant's Motion for Summary Judgment is granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

It is so **ORDERED**.

ENTER: June 2, 2014

/s/ James P. Jones
United States District Judge